UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV01066 ERW |
| | ) | |
| SHADE TREE SERVICES, CO. and | ) | |
| JEFF BISHOP | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Bruce Anderson's Motion to Remand [ECF No. 8].

## I. PROCEDURAL BACKGROUND

Plaintiff Bruce Anderson ("Plaintiff") originally filed this suit against Defendants Shade Tree Services, Co. and Jeff Bishop ("Defendants") in the Circuit Court of St. Louis County, Missouri, asserting claims for violation of the Missouri Human Rights Act, wrongful discharge, and slander [ECF No. 1-1]. Defendants timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c) on the basis that Count II of the complaint alleges a violation by Defendants of anti-termination provisions of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612 *et seq*. In the present Motion, Plaintiff asks this Court to remand the case.

## II. DISCUSSION

Plaintiff argues that removal to this Court was inappropriate because Count II relies upon the state common law theory of wrongful termination, rather than violation of the anti-termination provisions of the FMLA [ECF No. 8 at *3]. Under the heading "**Count II - Wrongful Discharge**," the complaint alleges that "Defendants . . . wrongfully terminated Plaintiff . . . for

seeking medical treatment." [ECF No. 1-1 at n.29]. Note 29 also states that Plaintiff was eligible for such leave pursuant to the FMLA. Defendants argue in reply that disposition of Count II necessarily requires proof of the elements of FMLA retaliation [ECF No. 10 at *1], and that Count II attempts to convert a federal FMLA claim into a state common law tort claim. Plaintiff argues in response that reference to the FMLA merely supports a cause of action in Missouri, insofar as Missouri "requires that a 'clear mandate' of public policy be violated." [ECF No. 8 at *3]. Thus the question is whether remedies codified in the FMLA preempt the state common law tort of wrongful termination to the extent the termination was in violation of the FMLA.

Missouri follows the traditional law of at-will employment, wherein an employee may be discharged without cause. *Hughes v. Bodine Aluminum, Inc.*, 328 S.W.3d 353, 356 (Mo. Ct. App. 2011) (citing *Drury v. Missouri Youth Soccer Ass'n, Inc.*, 259 S.W.3d 558, 566 (Mo. Ct. App. 2008). However, the Missouri Supreme Court does recognize a public policy exception to traditional at-will employment. *See Fleshner v. Pepose Vision Institute, P.C.*, 304 S.W.3d 81, 92 (Mo. 2010). *Fleshner* held that the general rule of at-will employment "may be modified directly by or through public policy reflected in the constitution, a statute, a regulation promulgated pursuant to statute, or a rule created by a governmental body." *Id.*

The FMLA provides statutory remedies for interference of employees' rights under the FMLA. 29 U.S.C. § 2617(a)(2). These remedies do not include punitive damages, which are available under common law tort suits. While Plaintiff correctly cites the FMLA in noting that the federal law was not intended to supersede state law [ECF No. 13 at *3 (citing 29 U.S.C. § 2651(b)], it is generally accepted that Congress intended the FMLA's specific remedies to be the exclusive remedies available for a violation of the FMLA. *Molloy v. Delta Home Care, Inc.*, No. 1:11CV00077 SNLJ at *5 (E.D. Mo. 2011) ("Because the FMLA provides the exclusive remedy

for employment discharge claims based on violations of the FMLA, plaintiff cannot succeed on a public-policy wrongful termination claim"); *Tenge v. Washington Group Int'l, Inc.*, 2011 WL 1630823 (E.D. Mo. 2006) ("Plaintiff here asserts a Missouri public policy employment discharge claim based only on violations of the FMLA"); *O'Neill v. Major Brands, Inc.*, 2006 WL 1134476 (E.D. Mo. 2006); *Johnson v. Dollar Gen.*, 2011 WL 692042 (N.D. Ia. 2011); *Alvarez v. Hi-Temp Inc.*, 2004 WL 603489, at *5 (N.D. Ill. 2004). In *O'Neill*, the Court concluded that it would be "anomalous" for plaintiffs to circumvent FMLA remedies by "permitting a common law tort claim to proceed premised solely on an FMLA violation." *Id.* at *2. Such a situation would necessarily "conflict[] with the 'accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* (quoting *Alvarez*, 2004 WL 603489 at *5); *see also Gade v. Nat'l. Solid Wastes Management Ass'n.*, 505 U.S. 88, 98 (1992) ("Our ultimate task in any pre-emption case is to determine whether state regulation is consistent with the structure and purpose of the statute as a whole."). Courts have consistently concluded that allowing common law remedies for the violation of rights afforded by the FMLA is not consistent with the structure and purpose of the FMLA. *O'Neill*, 2006 WL 1134476 at *2 (compiling cases).

Plaintiff argues in Count II that his termination was in violation of Missouri public policy, in that it violated the FMLA. Defendants are correct in labeling this a tautology [ECF No. 10 at *6]. Public policy naturally encourages compliance with all laws, including federal law. Whether public policy exists supporting compliance with the FMLA, the exclusive remedy available to a plaintiff discharged in violation of the FMLA is under the federal statute, not common law. Because the FMLA provides the exclusive remedy for a wrongful termination claim based upon medical leave taken pursuant to the FMLA, Count II invokes a federal question. This court has subject-matter jurisdiction to hear that question pursuant to 28 U.S.C. § 1441(a).

3

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [ECF No. 8] is **DENIED**.

Dated this 10th Day of August, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE