UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRUCE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV01066 ERW |
| ) | |
| SHADE TREE SERVICES, CO., and ) | |
| JEFF BISHOP, ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENT TO MEMORANDUM AND ORDER OF AUGUST 16, 2013

This matter comes before the Court on Plaintiff's Motion *in Limine* to Exclude Evidence [ECF No. 65]. Plaintiff moves the Court to exclude after-acquired evidence of his hydrocodone addiction. At issue in Plaintiff's Motion is whether the MHRA bars recovery by individuals who become addicts due to a medical condition that necessitates lawful use of a controlled substance. The answer to this question hinges on the meaning of § 213.010(4), which states that "[f]or purposes of this chapter, the term 'disability' does not include current, illegal use of or addiction to a controlled substance as such term is defined by [§ 195.010.]" On Friday, August 16, 2013, the Court filed a Preliminary Memorandum and Order [ECF No. 102], conditional upon receipt of Plaintiff's responsive brief on this issue. The Court now reaffirms its Preliminary Order, but expands upon its reasoning to address the concerns raised in Plaintiff's Reply to Defendant's [sic] Response to Plaintiff's Motion *in Limine* and Court's Request for Additional Information [ECF No. 103].

When interpreting Missouri law, "[t]he goal of statutory analysis is to ascertain the intent of the legislature, as expressed by the words of the statute." *United Pharmacal Co. of Mo., Inc. v. Mo. Bd. of Pharmacy*, 208 S.W.3d 907, 909 (Mo. 2006) (en banc). When the plain language of the statute does not lend itself to a single meaning, the Court must turn to traditional methods of

statutory construction, including examination of the act as a whole. *Id.* at 911-12. "Statutory construction should not be hyper technical but instead should be reasonable, logical, and should give meaning to the statutes." *In re Boland*, 155 S.W.3d 65, 67 (Mo. 2005) (en banc).

Plaintiff argues that any after-acquired evidence of his hydrocodone addiction is irrelevant, because, contrary to Defendants' contentions, § 213.010(4) of the Missouri Human Rights Act (MHRA) allows certain drug addictions to qualify as "disabilities." Specifically, Plaintiff claims that while § 213.010(4) excludes addictions resulting from *illegal* use of controlled substances, it embraces a potential disability where an individual becomes an addict resulting from a medical condition requiring lawful use of a controlled substance. Plaintiff makes three main arguments in support of his reading of § 213.010(4), each of which the Court addresses in turn.

First, Plaintiff maintains that the plain reading of the MHRA mandates an exemption for addictions resulting from medically necessary and legal prescription medication. In support of this argument, he notes that § 195.010(1), defines the term "addict" as "a person who habitually uses one or more controlled substances ... and who does not have a medical need for such drugs[.]" Because of this section, Plaintiff contends that excluding addictions due to lawful drug use fails to give full meaning to the statute.

Plaintiff's first argument is flawed for two reasons. First, Plaintiff erroneously attempts to read "addict" as defined by § 195.010(1) into § 213.010(4). Under § 213.010(4), an "addiction to a controlled substance as such *term* is defined by [§ 195.010]" is excluded from the definition of "disability." Notably, the word "term" is singular, and thus refers only to "controlled substance" – which, unlike "addiction," appears verbatim in § 195.010. More importantly, however, "addict" has no bearing on § 213.010(4), because while § 213.010(4) comprises a part of the MHRA, § 195.010(1) comprises a part of the Comprehensive Drug Control Act of 1989 (CDCA). *See* §

2

195.005 ("Sections 195.005 to 195.425 shall be known as the "Comprehensive Drug Control Act of 1989."). In the MHRA, the legislature made a single reference to the CDCA for purposes of defining which controlled substances fall within § 213.010(4). This one-time crossover, however, does not impute the definition of "addict" into the MHRA, and Plaintiff's first argument must fail.

Second, Plaintiff argues that relevant regulations and case law from the Americans with Disabilities Act (ADA) support his interpretation of § 213.010(4). He observes that, under the ADA, the term "disability" excludes "individuals currently engaging in the illegal use of drugs[.]" 29 C.F.R. § 1630.3. Further, the ADA exempts "the use of a drug taken under the supervision of a licensed health care professional" from the definition of "illegal use." *Id.* Plaintiff also cites *Fowler v. Westminster College of Salt Lake*, No. 2:09-cv-591-DN, 2012 WL 4069654 (D. Utah Sept. 17, 2012); he claims the district court in *Fowler* found a disability based on the plaintiff's addiction to legally prescribed opiates.

Plaintiff's references to 29 C.F.R. § 1630.3 would support his argument if the issue before the Court was the definition of "illegal use," not "addiction to a controlled substance." Unlike the MHRA, however, the ADA has no exclusion for an individual with an "addiction to a controlled substance." As Plaintiff states, 29 C.F.R. § 1630.3 excludes from protection "individuals currently engaging in the ***illegal use*** of drugs, when the covered entity acts on the basis of such use." (emphasis added). Noticeably missing from this section are the words "addiction to a controlled substance."[1] Rather, the fact that the Missouri legislature added language concerning addictions to

---

[1]The ADA contains safeharbors similar to those in the MHRA. Unlike the MHRA safeharbors, the ADA safeharbors refer only to "illegal use" and fail to mention "addiction to a controlled substance":

> However, the terms disability and qualified individual with a disability may not exclude an individual who:

3

controlled substances seven years after the enactment of 29 C.F.R. § 1630.3 lends great weight to the notion that all addictions to controlled substances were intentionally excluded from the definition of disability. Thus, even if *Fowler v. Westminster College of Salt Lake* stands for the proposition suggested by Plaintiff,[2] the Court cannot ignore that it is based on markedly different statutory language.

Lastly, Plaintiff avers that to adopt Defendants' reading of § 213.010(4) would lead to "absurd results," because, for example, diabetics who rely on insulin could not recover under the MHRA. Plaintiff's last argument is erroneous, because it overlooks the fact that § 195.010(5) narrows the definition of "controlled substance" to those substances specifically listed by the legislature in §§ 195.005 through 195.425. With respect to Plaintiff's diabetes analogy, insulin fails to appear on the legislature's list, leaving diabetic individuals free to pursue MHRA claims based on their need for insulin.[3] In any event, the Court doubts that the condition of diabetes is equivalent to an addiction to insulin. Therefore, the Court finds that the Missouri legislature has considered which drugs carry a "potential for abuse" and deliberately excluded recovery based on addictions to

---

(1) Has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in the illegal use of drugs; or

(2) Is participating in a supervised rehabilitation program and is no longer engaging in such use; or

(3) Is erroneously regarded as engaging in such use, but is not engaging in such use.

29 C.F.R. § 1630.3(b).

[2]The Court notes that *Fowler* is unclear as to whether the district court found a disability based on illegal drug use under a safeharbor provision or based on an addiction resulting from lawfully prescribed medication.

[3]Hydrocodone appears as a Schedule II drug on the list of controlled substances. § 195.017(4)(1)(a)(j).

such drugs. *See* § 195.017 (discussing the "potential for abuse" in an exhaustive list of drugs listed as "controlled substances").

The Court therefore finds that the reasonable, logical construction of § 213.010(4) bars recovery by all individuals addicted to controlled substances, subject only to the safeharbors specifically listed in the MHRA. As a result, after-acquired evidence of Plaintiff's hydrocodone addiction is relevant to whether Plaintiff had a "current" addiction to a controlled substance under the MHRA, and Plaintiff's motion to exclude this evidence is denied. In any event, such evidence is relevant to whether Plaintiff's hydrocodone use was medically necessary and compliant with a doctor's directions. Plaintiff's motion to exclude this evidence is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion *in Limine* to Exclude Evidence [ECF No. 65] is **GRANTED, in part,** and **DENIED, in part**.

Dated this  19th  day of August, 2013.

	E. RICHARD WEBBER
	SENIOR UNITED STATES DISTRICT JUDGE