UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRUCE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV01066 ERW |
| ) | |
| SHADE TREE SERVICES, CO. and ) | |
| JEFF BISHOP ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Shade Tree Services, Co. and Jeff Bishop's Motion for Bill of Costs [ECF No. 117].

**I.   BACKGROUND**

On August 21, 2013, a jury returned a verdict in favor of Defendants Shade Tree Services, Co. and Jeff Bishop regarding all of Plaintiff Bruce Anderson's claims. The Court subsequently entered judgment on the verdict. Defendants now move to tax Court costs to Plaintiff in the amount of $5,914.71, representing fees of the Clerk, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees for witnesses, and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

**II.   DISCUSSION**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs--other than attorney's fees--should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1) Fees of the clerk and marshal;

>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>(3) Fees and disbursements for printing and witnesses;
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>(5) Docket fees under section 1923 of this title;
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts[.]" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotations omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

In opposing Defendants' Motion, Plaintiff makes two main arguments: (1) the Court should deny the Motion in its entirety, because awarding costs would place a substantial financial burden on Plaintiff, and (2) in the alternative, the Court should reduce the awarded costs, because various specified amounts are not properly taxable to Plaintiff.

### A. *Financial Burden on Plaintiff*

Plaintiff first argues the Court should deny Defendants' Motion, because awarding costs would impose a substantial financial burden on Plaintiff. Plaintiff alleges he has lacked employment since March 2013, he filed bankruptcy in 2012, and he is the father of three minor children.

The Court has broad discretion in awarding costs, and inability to pay is one factor courts may consider in granting or denying taxable costs. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). However, "[a] plaintiff's indigency . . . does not require the court to automatically waive costs to an unsuccessful litigant." *Id.* In the instant case, Plaintiff "had the services of retained counsel and he has not demonstrated actual indigency or limited financial resources such that he is

2

unable to pay the costs at this time or at some point in the future." *Bright v. Evonik Cyro, LLC*, No. 311CV00180 SWW, 2013 WL 3772517, at *1 (E.D. Ark. July 18, 2013). Plaintiff has "merely alleged, without documentary support, that he [is] indigent and therefore should not have to pay costs." *McGill*, 18 F.3d at 459. Therefore, the Court finds Plaintiff has failed to overcome the presumption in favor of awarding costs to the prevailing party.

### B. Objections to Specific Amounts

In the alternative, Plaintiff argues the Court should reduce the costs awarded to Defendants. Specifically, Plaintiff maintains certain deposition transcripts were not "necessarily obtained for use in the case," because Defendants did not use them at trial.[1] Additionally, Plaintiff argues he should not have to pay $40.80, representing Thomas Beerman's attendance fee and mileage, because Beerman never testified as a witness during trial.[2]

Upon reviewing Defendants' and attached exhibits, the Court concludes Defendants have submitted taxable amounts in their Motion. Regarding the challenged depositions, Plaintiff incorrectly assumes Defendant must have used the transcripts "at trial" to qualify them as "necessarily obtained in the case." This is simply untrue. "[E]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363

---

[1]Plaintiff also takes issue with three deposition transcript copies Defendants purchased. In essence, Plaintiff contends that any transcripts other than original copies automatically fall outside the realm of taxable costs. The Court does not agree. Defendants' requests of three additional copies does not strike the Court as excessive, and Plaintiff cites no authority suggesting these copies render Defendants' costs "unnecessary" for purposes of § 1920.

[2]Plaintiff also contends there is no authority or basis to allow Defendants to recover their copy expenses. The Court does not agree. Under 28 U.S.C. § 1290(4), Defendants may recover "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See also Lewis v. AMR*, 92 Fed. Appx. 382, 383 (8th Cir. 2004) ("[C]opying costs are taxable[.]").

3

(8th Cir. 1997) (internal quotations omitted).  In the instant case, the challenged depositions were not "purely investigative."  Rather, Defendants designated some of them for potential entry into evidence at trial.  Others were relied upon in pretrial motions.

Similarly, Plaintiff's argument concerning Beerman's attendance and mileage lacks merit.  Plaintiff cites no authority stating a witness must actually testify in order to warrant taxable costs.  In fact, "the prevailing party may recover costs for fees, mileage, and subsistence of witnesses who appeared, and those who, believed to be necessary, appeared but did not testify."  *Cofield v. Crumpler*, 179 F.R.D. 510, 517 (E.D. Va. 1998).  Thus, the $40.80 representing Beerman's attendance and mileage is taxable to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Bill of Costs [ECF No. 117] is **GRANTED.**  The Clerk of Court shall tax costs in favor of Defendants against Plaintiff in the amount of $5,914.71.

Dated this 11th day of October, 2013.

                                                              E. RICHARD WEBBER
                                                              SENIOR UNITED STATES DISTRICT JUDGE